**In re Patricia MYERS, Debtor.**

**Bankruptcy No. 85–00592.**

United States Bankruptcy Court, District of Columbia.

March 5, 1986.

Wayne H. Rusch, Washington, D.C., for debtor.

Marc Albert, Washington, D.C., Trustee.

### ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

Upon consideration of the Debtor's motion for continuance of discharge hearing, it is,

ORDERED that the Debtor's discharge hearing is continued until _____, 1986, at _____.m.

As to the Debtor's apparent suggestion that this Court has power to extend the

time for creditors to file complaints objecting to discharge or dischargeability, the Court points to the explicit limitations on this Court's powers contained in Bankruptcy Rules 4004(a), 4007(c) and 9006(b)(3). *See In re Pigott,* 684 F.2d 239 (3d Cir.1982); *In re V–M Corp.,* 23 B.R. 952 (Bankr.W.D. Mich.1982); *In re Tavares,* 23 B.R. 129 (Bankr.D.R.I.1982). The Debtor may of course (should she choose to do so) waive her defense of untimeliness with respect to any complaint objecting to discharge or dischargeability which may be filed *after* the time therefor as specified in this Court's Order of October 25, 1985, but *before* the date set forth above in this Order for the Debtor's continued discharge hearing. *See* Bankruptcy Rule 7008(a), incorporating Fed.R.Civ.P. 8(c).

The attention of Debtor's counsel is directed to the requirement of notice to newly scheduled creditors contained in this Court's Local Rule 5–20.