**In the Matter of Donald W. CLAY, Debtor.**

Glenda R. TOLBERT; Edward A. Davis; Royce R. Mills; Donald W. Owen; J.B. Leverton; Clarence Lee Lowery; Ewell Gener Ingram; Daniel Mask; Joseph D. Hampton; Cecil Macon; Ray Bridgmon; Donald Miller; Richie D. Tillison; Theodore Nelson, III; Plaintiffs,

v.

**Donald W. CLAY, Defendant.**

Bankruptcy No. A85–04381–ADK. Adv. No. 86–0008A.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Aug. 22, 1986.

Martin D. Chitwood, Stowers, Starkey, Hayes & Roane, Atlanta, Ga., for plaintiffs.

Richard A. Lee, Decatur, Ga., for defendant.

## MEMORANDUM OF OPINION AND ORDER

A.D. KAHN, Bankruptcy Judge.

Plaintiffs filed the above-styled Complaint to determine the dischargeability of a debt owed by Defendant-Debtor pursuant to 11 U.S.C. § 523(a)(2), (4), and (6). It is before the Court on Cross Motions for Summary Judgment. The Court finds this matter to constitute a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Court will address the Parties' cross motions separately below.

## I. DEFENDANT–DEBTOR'S MOTION FOR SUMMARY JUDGMENT

■ The Defendant-Debtor asserts in its post-answer Motion for Summary Judgment that the Plaintiffs failed to timely file their Complaint to Determine the Dischargeability of a Debt pursuant to Bankruptcy Rule 4007(c), and thus are time-barred from pursuing the instant cause of action. Plaintiffs' complaint does appear to be untimely. However, Defendant-Debtor failed to raise the affirmative defense of late filing is his Answer. In *Paetz v. United States*, 795 F.2d 1533 (11th Cir.1986), the Eleventh Circuit Court of Appeals held that failure to raise a statute of limitations as an affirmative defense constitutes waiver of that defense. Thus, the Court finds that this affirmative defense has been waived by Defendant-Debtor, and his motion for summary judgment must be denied.

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs in the above-styled action sued Defendant Donald W. Clay, among others, for fraud in the United States District Court for the Northern District of Alabama. A judgment by default was entered against Defendant-Debtor on September 28, 1984. According to the Memorandum of Decision of the Alabama District Court, Defendant-Debtor was duly served but failed to appear or plead or otherwise defend. Memorandum of Decision at 1. The Court stated that "the willful misrepresentation by Defendants was with the intent to induce Plaintiffs to act thereon, and Plaintiffs did act upon the willful misrepresentations to their injury." Memorandum of Decision at 2. Defendant-Debtor subsequently filed a voluntary Chapter 7 bankruptcy petition in this Court, and Plaintiffs then filed the instant Complaint to Determine Debt to be Nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2), (4), and (6). Plaintiffs contend that the default judgment against the Defendant-Debtor in the U.S. District Court for the Northern District of Alabama, referred to herein, should preclude relitigation of the issue of fraud in accordance with the principles of collateral estoppel.

■ An examination of the law dealing with collateral estoppel reveals that a judgment rendered by default may not always be given preclusive effect as to subsequent litigation. In *Spilman v. Harley*, 656 F.2d

224 (6th Cir.1981), the Court placed a premium on whether the issues sought to be precluded from relitigation had been *actually* litigated. The Court stated, "if the important issues were not actually litigated in the prior proceeding, as is the case with a default judgment, then collateral estoppel does not bar relitigation in the bankruptcy court." *Id.* at 228. Furthermore, "the requirement that the issues sought to be estopped must have been actually litigated in the prior proceeding contemplates something more than a one-sided presentation of the facts." *Franks v. Thomason,* 4 B.R. 814 (Bankr.N.D.Ga.1980). In *Franks,* the Court emphasized that, in order for issues to be barred from relitigation, they must have been actually and fully litigated in the prior proceeding. *Id.* at 821–22.

 In the instant proceeding, the default judgment against Defendant-Debtor was obtained without the issue of fraud having been actually litigated. The presence of the default judgment indicates that the "actually litigated" requirement of collateral estoppel has not been fulfilled because the issues were not fully presented and tried in a court proceeding. If the default judgment herein had been rendered in a state court, the principle of full faith and credit would have required this Court to examine the law of the state in which the judgment was rendered and rule in accordance with that state's policy as to a default judgment. *See Harris v. Byard (In re Byard),* 47 B.R. 700 (Bankr.M.D. Tenn.1985); *see also, Bend v. Eadie (In re Eadie),* 51 B.R. 890 (Bankr.E.D.Mich.1985). However, the prior default judgment here was rendered in federal court and so state law does not apply. This Court holds that the default judgment against the Defendant-Debtor rendered in the U.S. District Court for the Northern District of Alabama will not and cannot bar relitigation of the issue of fraud because that issue was not actually litigated in the prior proceeding. Therefore, the Court finds that the Plaintiff's Motion for Summary Judgment must be denied.

ORDER

In accordance with the reasoning above, it is the Order of the Court that Defendant-Debtor's Motion for Summary Judgment be, and the same hereby is, DENIED.

Furthermore, it is the Order of the Court that Plaintiffs' Motion for Summary Judgment be, and the same hereby is, DENIED.

It is the further Order of the Court that a pre-trial conference in the above-styled adversary complaint shall be held before the undersigned in Chambers, Room 1776, United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia at 2:00 P.M. on the 9th day of October, 1986.