In re Donald and Carolyn BOOTH.

Roy ANDERSON, Jr., Plaintiff,

v.

Donald and Carolyn BOOTH,
Defendants.

Bankruptcy No. 8607339SEG.
Adv. No. 880990SC.

United States Bankruptcy Court,
S.D. Mississippi.

Aug. 10, 1989.

Jess H. Dickinson, Gulfport, Miss., for plaintiff.

Robert Alan Byrd, Biloxi, Miss., for defendants.

## ORDER OF DISMISSAL

EDWARD R. GAINES, Bankruptcy Judge.

The plaintiff, Roy Anderson, Jr., filed an adversary complaint seeking damages and judgment against Donald and Carolyn Booth, the debtors herein, on July 27, 1988. The statutory deadline for filing this complaint was July 8, *1986.* Before the Court for consideration now is the debtors' motion to dismiss this adversary complaint on the basis that it was not timely filed and thus is jurisdictionally barred. After consideration of the pleadings, memorandum submitted by counsel, and case law, the Court concludes that under the law the debtors' Motion to Dismiss should be and is hereby granted.

## I. FACTS

A Chapter 7 petition was filed by Donald and Carolyn Booth on March 7, 1986. The deadline for filing complaints objecting to discharge under Section 523(c) and Section 727 was July 8, 1986. This deadline was noticed to all creditors by the Court Clerk. The adversary proceeding that is the sub-

ject of this Motion to Dismiss was filed on July 27, 1988. This filing was two (2) years late. No motion requesting an extension of this deadline by the plaintiff was ever filed. An answer was filed by the debtor August 16, 1988.

■ Although issues of fraudulent misrepresentation common under Section 523 causes of action are alluded to in Anderson's complaint, the complaint nowhere cites Section 523 and neither does it request a determination of nondischargeability of the debt claimed to be owed. The complaint was improperly drawn and defective as to form and content. It seeks to recover damages and judgment. The parties, however, have treated the complaint as one that was intended under Section 523 in their briefs on the motion to dismiss, and the court also renders its ruling on that basis, noting that the complaint on its face was insufficiently pled to sustain a cause of action under Section 523.

The motion to dismiss the complaint was filed by the debtors on March 3, 1989, claiming that the action was not timely filed. The plaintiff responded by claiming that the motion to dismiss was not timely filed and, therefore, the debtors were estopped from objecting to the complaint. The issue was subsequently briefed by counsel and submitted to the Court for decision.

## II. LAW

■ The thrust of Anderson's argument on the issue is that the debtors waived their right to object to the statute of limitations by failing to raise it as an affirmative defense in their answer to the complaint. A major case relied on by Anderson is *Tolbert v. Clay*, 64 B.R. 313 (Bankr.N.D. Ga.1986), in which the bankruptcy court did not allow a motion to dismiss a dischargeability complaint for untimeliness stating that the failure to raise the issue as an affirmative defense constituted a waiver of that defense.

The time for filing complaints under Section 523(c) in Chapter 7 cases is set forth in Bankruptcy Rule 4007(c) which states that such complaints *shall* be filed not later than 60 days following the first date set for the § 341(a) meeting of creditors. This mandatory rule also provides that the Court may extend the time on motion for cause shown and that the motion *must be made before the time has expired.*

Bankruptcy Rule 9006(b) provides for enlargement of time periods prescribed under the bankruptcy rules. Subsection (3) of Rule 9006(b) states that the Court may enlarge the time for taking action under Rule 4007(c) only to the extent and under the conditions stated in the rule.

Courts, including the Fifth Circuit Court of Appeals, have construed this limitation on enlargement of time for filing dischargeability complaints strictly, and have held that there is *no discretion* to allow a late filing in the absence of a motion for time filed prior to the expiration of the time period. *In re Neeley,* 815 F.2d 345 (5th Cir.1987); *In re Neese,* 87 B.R. 609 (9th Cir.B.A.P.1988); *In re Alton,* 837 F.2d 457 (11th Cir.1988). Here, the complaint was filed over two years after the July 8, 1986 deadline for Section 523(c) complaints had expired and no motion for extension of time was filed. Thus, there is no question that the complaint was not timely filed. The law is clear and this Court has no choice in this matter.

As stated earlier, Anderson argues that the debtor has waived any right to object to the untimely filing by failure to raise it as an affirmative defense. In the case of *In re Kirsch,* 65 B.R. 297 (Bankr.N.D.Ill.1986), the Court distinguished between deadlines that were procedural statutes of limitations and those that were jurisdictional.

Once the excusable neglect and reliance arguments are disposed of, the remaining question is whether the debtor's actions of answering the complaint, going through the pretrial process and going to trial without raising the Rule 4007(c) issue waived his right to object to the timeliness of the FDIC complaint. If Bankruptcy Rules 4007(c) and 9006(b)(3) merely set a procedural statute of limitations such must be raised by affirmative defense or it is waived. *See generally Pinto Trucking Services, Inc. v. Motor*

*Dispatch, Inc.,* 649 F.2d 530 (7th Cir. 1980); Bankr.R. 7012(b) (F.R.Civ.P. 12(b)–(h) applies in adversary proceedings). On the other hand, if the deadlines fixed by Bankruptcy Rules 4007(c) and 9006(b)(3) are jurisdictional it cannot be waived. *See In re Harlow Properties, Inc.,* [13 C.B.C.2d 1438] 56 Bankr. 794, 796 (Bankr. 9th Cir.1985); *Dunlap v. Aulson Corp.,* 90 F.R.D. 647, 653 (D.N.H.1981)

*Id.* at 301. Upon analysis of the limitations on time enlargement under Bankruptcy Rule 9006(b) and Federal Rule of Civil Procedure 6(b), the *Kirsch* Court held that when a complaint to determine dischargeability was not timely filed, lack of jurisdiction forced the dismissal of the complaint. In that case the answer to the complaint and the participation in the pretrial process *and* the trial by the debtor did not constitute a waiver of the rule requirement because, as ruled by the Court, "there can be no waiver." *Id.* at 302. *See also, Burger King Corp. v. B–K of Kansas, Inc.,* 73 B.R. 671 (D.Kan.1987) (Court granted motion to dismiss untimely complaint where motion was filed 17 months after the complaint on basis that Rule 4007(c) is jurisdictional and nonwaivable); *In re Harten,* 78 B.R. 252 (9th B.A.P.1987) (An untimely complaint must be dismissed on jurisdictional grounds and Rule 4007 is not a technicality); *In re Tanner,* 77 B.R. 897 (Bankr.N.D.Ala.1987) (Court lacks jurisdiction over dischargeability complaint not filed within 60 days after Section 341(a) meeting).

■ Because Rules 4007(c) and 9006(b) provide a jurisdictional basis for complaints objecting to dischargeability under Section 523(c), there can be no waiver for objecting to the timeliness of the complaint. Fed.R. Civ.P. 12(h)(3); Bankruptcy Rule 7012. On this basis the Court and the majority of Courts disagree with the ruling in *Tolbert v. Clay, supra,* relied upon here by the creditor.

The results of the strict limitations placed on filing dischargeability complaints can be harsh, as noted in *Kirsch, supra,*

Once the Rule 4007(c) time has elapsed, a properly scheduled creditor can never raise the question of the nondischargeability of a claim on any of these grounds in the Bankruptcy Court or in any other forum. *Compare* § 523(a)(3).

The result is automatic and sometimes leads to harsh results. However, Congress intended to establish a system whereby certain types of nondischargeability claims would be automatically cut off after a relatively short period of limitations in order to prevent debtors from being harassed by creditors after their claims had been discharged in bankruptcy.

65 B.R. at 299–300. The Fifth Circuit stated in *Neeley, supra,* that Section "523(c) of the Code, which Rule 4007 is designed to implement, places a heavy burden on the creditor to protect his rights: a debt of the type presented here is automatically discharged unless the creditor requests a determination of dischargeability." 815 F.2d at 347. After ruling that the Court lacked jurisdiction on the dischargeability complaint, the Court in *Kirsch* stated that, "The Court does so with great regret but does so because of its conviction that it is powerless to do anything else." 65 B.R. at 302.

Based on the foregoing conclusions the Court hereby grants the debtors' Motion to Dismiss the adversary complaint filed by Roy Anderson, Jr.

ORDERED.