In re Nathaniel EZELL, Debtor.

**TOLEDO TEACHERS CREDIT UNION, Plaintiff,**

v.

**Nathaniel EZELL, Defendant.**

**Bankruptcy No. 1–88–02869.
Adv. No. 89–0334.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

June 6, 1990.

Elizabeth A. Vaughan, Toledo, Ohio, for plaintiff.

M. Susan Swanson, Toledo, Ohio, for debtor.

## OPINION AND ORDER DISMISSING COMPLAINT

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the court upon the parties' stipulation of facts and briefs to determine whether plaintiff's complaint to determine dischargeability must be dismissed. Upon consideration thereof, the court finds that plaintiff's complaint is untimely and should be dismissed.

### FACTS

On December 7, 1988, Debtor filed his voluntary petition under chapter 7; however, Debtor's initial filing did not list plaintiff as a creditor. Stipulation of Facts at 2. The § 341 meeting was scheduled for January 11, 1989. *Id.* Thereafter, on January 23, 1989, Debtor amended his petition to include plaintiff as a secured creditor, having an interest in a 1981 Buick Park Avenue automobile; Debtor's amendment also reflected his intention to reaffirm this obligation. *Id.*

On or about January 30, 1989, a proposed reaffirmation agreement was forwarded to

plaintiff. *Id.* The last day to timely file a complaint was March 13, 1989. Debtor received his discharge on March 21, 1989. *Id.* On April 6, 1989, Debtor's attorney advised plaintiff that Debtor was withdrawing his proposed reaffirmation agreement, previously forwarded to plaintiff, and that plaintiff would surrender the collateral. *Id.*

Plaintiff filed the instant complaint to determine dischargeability pursuant to §§ 523(a)(2)(B) and 523(a)(3)(B) on December 4, 1989. *Id.* at 3. Debtor contends that plaintiff's complaint is untimely and should be dismissed. Plaintiff asserts that pursuant to § 523(a)(3)(B) it was not listed in Debtor's petition in time to file a timely complaint, and, therefore its claim should be excepted from discharge pursuant to § 523(a)(2).

## DISCUSSION

■ The court will first consider § 523(a)(3)(B), which provides in pertinent part:

(a) A discharge under section 727 ... does not discharge an individual Debtor from any debt—

\* \* \* \* \* \*

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the Debtor, of the creditor to whom such debt is owed, in time to permit—

\* \* \* \* \* \*

(B) if such debt is of a kind specified in paragraph (2) ... of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

Rule 4007(c) imposes the deadline for plaintiff's complaint. Specifically, that rule provides that such a complaint must "be filed not later than 60 days following the first date set for the meeting of creditors." In the instant situation, the § 341 meeting was set for January 11, 1989 fixing March 13, 1989 as the last date to file a complaint; plaintiff's complaint was filed December 4, 1989. Furthermore, although a request for extension of time to file such a complaint must be made before the running of this period, plaintiff made no such request. *See* Bankruptcy Rule 4007(c); *In re Booth,* 103 B.R. 800 (Bkrtcy.S.D.Miss.1989) (motion must be made before time is expired).

Pursuant to the parties' stipulation, Debtor's amendment, adding plaintiff, was filed on January 23, 1989. The last day to file a timely complaint was March 13, 1989. It is uncontroverted that plaintiff received notice of Debtor's petition prior to expiration of the objection time period. Based upon these facts, the court finds that plaintiff had time in which to file a timely complaint or, at least, a request for extension of time in which to file such a complaint. The instant complaint was, however, filed more than 11 months after plaintiff received notice of Debtor's petition.

■ The deadline to file a complaint is jurisdictional. *In re American Sports Innovations,* 105 B.R. 614, 616 (Bkrtcy.W.D. Wash.1989). Because plaintiff's complaint is not timely filed, the court is without jurisdiction to adjudicate plaintiff's allegations and dismissal of the complaint is appropriate. *Id.* Likewise, the court is without authority to extend the bar date once it has passed. *In re Cintron,* 101 B.R. 785, 787–87 (Bkrtcy.M.D.Fla.1989). *See also Booth,* 103 B.R. at 801 (court must dismiss complaint, although with great regret, as there is no discretion to allow a late filed complaint in the absence of a motion for time filed prior to the expiration of that period). Thus, the court must dismiss plaintiff's complaint as it is powerless to do otherwise. *See Booth,* 103 B.R. at 802.

■ Furthermore, because plaintiff received notice of Debtor's petition, it had a burden to inquire as to the bar date for filing a nondischargeability action. *In re Dewalt,* 107 B.R. 719 (9th Cir. B.A.P.1989). *See also In re Green,* 876 F.2d 854 (10th Cir.1989) (Code clearly contemplates that actual notice of a bar date received in time to file a complaint to determine dischargeability will foreclose an untimely complaint); *In re Alton,* 837 F.2d 457 (11th

Cir.1988) (§ 523(a)(3)(B) language clearly contemplates that mere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action whether creditor received official notice from the court of the date, thus, furthering the policy of Debtor's fresh start); *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987) (creditor not notified of bar date but knew of petition). Thus, even if plaintiff did not know of the bar date, it knew of Debtor's petition and had a burden to inquire regarding the bar date for filing the instant complaint. At a minimum, plaintiff had the opportunity to request an extension of time in which to file. *See Dewalt*, 107 B.R. at 721. Because plaintiff failed to timely file the instant complaint, the court is without jurisdiction to adjudicate its § 523(a)(2) allegations.

Also, although Debtor forwarded to plaintiff, on January 30, 1989, a proposed reaffirmation agreement, prior to entry of the discharge order, plaintiff took no action. As a result, Debtor withdrew this proposal. Thus, further indicia of plaintiff's lack of diligence in failing to timely raise its § 523(a)(2) issues exist in the record.

Finally, Debtor's brief includes an exhibit reflecting a criminal action instituted, on February 17, 1989, by plaintiff against Debtor in the Toledo Municipal Court. Brief of Debtor/defendant, Exhibit A. Again, evidence of plaintiff's concern regarding a nondischargeability issue exists, yet, plaintiff failed to timely file a complaint with this court.

Plaintiff cites *In re Lochrie*, 78 B.R. 257 (9th Cir. B.A.P.1987), in support of the timeliness of its complaint. This court is not persuaded by that case. Moreover, that court, in a later decision, held differently which this court has found persuasive. *See Dewalt, supra* pp. 557–58. It is therefore,

ORDERED that plaintiff's complaint to determine dischargeability be, and it hereby is, dismissed with prejudice.