In re Joseph B. KETANER, Debtor.

Joseph B. KETANER, Appellant,

v.

TRADITIONAL INDUSTRIES, INC. and Direct Sales of America, Inc., Appellees.

No. 2:93cv81.

United States District Court, E.D. Virginia, Norfolk Division.

May 19, 1993.

Harry W. Jernigan, III, Virginia Beach, VA, for appellant.

Samuel J. Webster and Mark H. Mapp, Williams, Kelly & Greer, P.C., Norfolk, VA, for appellees.

Debera F. Conlon, U.S. Trustee, Norfolk, VA.

### *ORDER*

CLARKE, District Judge.

This matter is before the Court on appeal of an order of the bankruptcy court entered January 4, 1993 which held that a judgment debt of the Debtor, Joseph B. Ketaner, in the amount of $500,000 is a nondischargeable debt under 11 U.S.C. § 523(a)(6). 149 B.R. 395. On April 23, 1993, appellees, Traditional Industries, Inc. and Direct Sales of America, Inc. (collectively "Traditional"), filed a Verified Motion to Dismiss alleging that the factual basis for the appeal is mistaken. For the reasons outlined below, Traditional's Motion to Dismiss is GRANTED, and Debtor's appeal is DISMISSED.

### I. *Background*

On February 19, 1991, the Debtor, Joseph B. Ketaner, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Pursuant to Bankruptcy Rule 4007:

> A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Bankr.R. 4007(c). By order dated February 25, 1991, the bankruptcy court set May 28, 1991 as the last day for filing complaints objecting to the discharge of the debtor and complaints to determine the dischargeability of debts pursuant to 11 U.S.C. § 523(c).

According to the Debtor, counsel for Traditional in Los Angeles, California, Harry L. Gastley ("Gastley"), filed a "Complaint to Determine Debt to be Nondischargeable" (the "Complaint") on July 18, 1991 (51 days after the May 28, 1991 cut-off). The debt at issue concerned a judgment of the Virginia Beach Circuit Court in favor of Traditional and against Debtor in the amount of $500,000.00. The bankruptcy court heard this matter on March 5, March 6, and April 27, 1992.

On March 5, 1992 (the first day of trial), the Debtor filed a "Motion for Involuntary Dismissal Due to Complaint Not Timely Filed." After hearing arguments, the bankruptcy court found that the Debtor waived his objection to the timeliness of the Complaint since he did not raise the issue in his Answer. The court reasoned:

> The 60–day time or the time that is set in the 341 notice for the cutoff of dischargeability complaints is something prescribed by the rules of bankruptcy procedure, and although there may be some statutory conditions or provisions for it, also, I see that as primarily in the nature of a statute of limitations, and I'm satisfied that [Debtor's counsel] waived any such objection by his failing to raise it at the time he filed his answer, so that motion will be dismissed.

Partial Transcript of Proceedings at 20–21 (Mar. 5, 1992).

Subsequently, by order entered January 4, 1993, the bankruptcy court held that the $500,000 judgement is a nondischargeable

debt under 11 U.S.C. § 523(a)(6). Debtor now appeals.

## II. Debtor's appeal

On appeal, the Debtor argues that the bankruptcy court erred in finding that the Debtor waived his challenge to the timeliness of Traditional's Complaint by failing to raise the issue in his answer to the Complaint. Instead, the Debtor argues that the time limits in Rule 4007(c) are jurisdictional and cannot be waived.

In its Brief of the Appellee, Traditional does not dispute that it filed its Complaint late. Instead, Traditional contends that the time limits found in Rule 4007 merely serve as statutes of limitation and are waived if they are not promptly raised.

The courts are in conflict on this issue. *Compare In re Poskanzer,* 146 B.R. 125, 131 (D.N.J.1992) (time limits are jurisdictional and cannot be waived); *In re Barley,* 130 B.R. 66, 69 (Bankr.N.D.Ind.1991) (same); *In re Krause,* 114 B.R. 582, 605 (Bankr.N.D.Ind.1988) (same); *In re Booth,* 103 B.R. 800, 802 (Bankr.S.D.Miss.1989) (same) *and In re Kirsch,* 65 B.R. 297, 301–303 (Bankr.N.D.Ill.1986) (same) *with In re Santos,* 112 B.R. 1001, 1004–1006 (9th Cir. BAP 1990) (time limits waivable); *In re Clay,* 64 B.R. 313, 314 (Bankr.N.D.Ga.1986) (same); *In re Myers,* 60 B.R. 108, 109 (Bankr.D.D.C.1986) (same) *and In re Kleinoeder,* 54 B.R. 33, 34–35 (Bankr.N.D.Ohio 1985) (same).

## III. Traditional's Motion to Dismiss

Approximately one month after the Debtor filed his Reply Brief in this case, Traditional, on April 23, 1993, filed a Verified Motion to Dismiss pursuant to Bankruptcy Rule 8011. In the Motion, Traditional asserts that the Complaint was in fact properly filed on May 28, 1991, and therefore was timely. Specifically, Traditional, through its California attorney (Gastley), first attempted to file the Complaint on May 28, 1991 (which would have been timely). However, the clerk rejected the document

because she thought that Gastley was not admitted to practice before the bankruptcy court. *See* Local Rule 105(F), Rules of the United States Bankruptcy Court for the Eastern District of Virginia ("All counsel presenting papers, suits or pleadings for filing, or making an appearance, must be members of the Bar of this Court, or must have counsel who are members of the Bar of this Court to join in the pleading by endorsement.").

On July 18, 1991, Gastley's co-counsel resubmitted the Complaint with a letter and documents showing that Gastley was in fact admitted to practice before the United States District Court for the Eastern District of Virginia since April 7, 1978. *See* Local Rule 105(L), Rules of the United States Bankruptcy Court for the Eastern District of Virginia ("All members in good standing of the Bar of the United States District Court for the Eastern District of Virginia as of September 30, 1979, shall be deemed to be members of the Bar of the United States Bankruptcy Court for the Eastern District of Virginia."). The letter further asked the clerk to file the Complaint as of the original submission date of May 28, 1991. The clerk marked the Complaint "Recv'd" on July 18, 1991 and "Deemed Filed" on May 28, 1991.

On May 13, 1993, the Debtor filed his response to Traditional's Motion to Dismiss.[1] The Debtor objects to Traditional's attempt to base its dismissal motion on facts not in the record and questions the timeliness of the dismissal motion given that this is the first time Traditional has contended that its Complaint was filed on any day other than July 18, 1991. Furthermore, should this Court grant Traditional's motion, the Debtor asks that he be given time to raise additional grounds for appeal since he based his appeal solely on the timeliness issue and was unaware that the Complaint may have been timely filed.

## IV. Discussion

■ While this Court is concerned that the Motion to Dismiss was filed over a

---

1. Although filed late, *see* Bankr.R. 8011(a) ("Any party may file a response in opposition to a motion ... within seven days after service of the motion...."), the Court will nevertheless consider the Debtor's response.

month after Traditional submitted its Brief of the Appellee (which brief did not contest that the Complaint was filed late) and Traditional knew of the subject matter of its motion since July, 1991, two factors weigh in favor of granting Traditional's motion.

■ First, rule 8011 does not have a timeliness requirement. Rule 8011 provides:

A request for an order or other relief shall be made by filing with the clerk of the district court … a motion for such order or relief with proof of service on all other parties to the appeal. The motion shall contain or be accompanied by any matter required by a specific provision of these rules governing such a motion, shall state with particularity the grounds on which it is based, and shall set forth the order or relief sought. If a motion is supported by briefs, affidavits or other papers, they shall be served and filed with the motion. Any party may file a response in opposition to a motion other than one for a procedural order within seven days after service of the motion, but the district court … may shorten or extend the time for responding to any motion.

Bankr.R. 8011(a). "Although [Rule 8011(a)] provides a time limit for filing responses to motions on appeal, no time limit is given for the filing of the motions themselves." *In re Quality Spice Corp.*, 107 B.R. 843, 847 (D.N.J.1989), *aff'd*, 908 F.2d 963 (3rd Cir.1990). In this case, the Court finds nothing in the Bankruptcy Rules which prevents Traditional from filing a Motion to Dismiss at this time.

Second, Traditional should not be prejudiced by the clerk's mistake. *Cf. Cintron v. Union Pacific R.R. Co.*, 813 F.2d 917, 919 (9th Cir.1987) (District court has power pursuant to Fed.R.Civ.P. 60(a) to correct clerical errors in handling of complaint initially rejected for noncompliance with local rules of court.); Bankr.R. 9024 (with limited exceptions, Fed.R.Civ.P. 60 applies in bankruptcy cases). In this case, it would be unfair to Traditional for this Court to rule on this appeal as if Traditional's Complaint was untimely filed when in reality,

through circumstances not caused by Traditional, the Complaint was timely.

■ Contrary to the Debtor's objection, the material facts underlying Traditional's dismissal motion are properly before this Court. Initially, the Court notes that, although the Debtor objects to the use of the factual evidence cited in Traditional's motion, he does not challenge the accuracy of that evidence. Furthermore, the record does contain evidence upon which the Court can base its decision—the Complaint itself. *See* Clerk's Certificate No. 8 (filed Feb. 2, 1993). The face of the Complaint clearly shows that it was "Deemed Filed" on May 28, 1991, and this Court is permitted to base this decision on that record evidence.

■ In any event, on the facts of this case, this Court is not prohibited from considering the additional facts raised in Traditional's dismissal motion. In bankruptcy, a district court sits as an appellate court. Thus, the general rule is that a district court must accept the factual findings of the bankruptcy court unless they are clearly erroneous, and the district court may not engage in additional fact-finding. *See* Bankr.R. 8013; *In re Neis*, 723 F.2d 584, 589 (7th Cir.1983). However, "remand to the [bankruptcy] court for additional fact-finding is unnecessary if all the evidence is documentary, all the facts are on the record and undisputed or the record as a whole presents no genuine issue as to material fact." *Neis*, 723 F.2d at 589. In this case, the additional evidence submitted by Traditional, consisting of letters to the bankruptcy clerk and a certificate showing that Gastley was in fact admitted to practice before this Court, is documentary. Moreover, the contents of this evidence is undisputed. Thus, it is proper for this Court to consider Traditional's additional factual evidence.

■ Moreover, on its face, Rule 8011 contemplates the submission of additional factual evidence to the district court. The Rule states: "If a motion is supported by briefs, affidavits or other papers, they shall be served and filed with the motion." Bankr.R. 8011. "Affidavits or other pa-

pers" would clearly encompass factual evidence not before the bankruptcy court, but before the district court for the first time in a Rule 8011 motion. Thus, to extent that Traditional's additional factual evidence supports the underlying contentions in this Rule 8011 motion, this Court may properly consider that evidence.

### V. Conclusion

In sum, the Court finds that Traditional's Rule 8011 Motion to Dismiss the Debtor's appeal is timely. Moreover, Traditional should not be prejudiced by the clerk's delay in filing the Complaint. Finally, notwithstanding the Debtor's objections, this Court may consider the factual evidence cited in Traditional's dismissal motion based on three independent reasons. First, the necessary factual evidence (the face of the Complaint) is properly before this Court since the Complaint is a part of the record. Second, since the evidence is documentary only, the Court may consider it without remand to the bankruptcy court. Finally, Rule 8011 contemplates a district court's consideration of factual evidence, such as the letters and other papers submitted in this case, to the extent that evidence supports the Rule 8011 motion.

Accordingly, Traditional's Verified Motion to Dismiss the Debtor's appeal is **GRANTED,** and the Debtor's appeal is **DISMISSED.** The bankruptcy court found that Traditional's Complaint was not time-barred and ruled in favor of Traditional on the merits. The Debtor chose to base his appeal solely on the timeliness issue. While the Debtor may have thought it best to rely on that single ground in this appeal, any grounds for appeal not previously raised are waived. *See In re Freeman,* 956 F.2d 252, 255 (11th Cir.1992); *In re Pine Mountain, Ltd.,* 80 B.R. 171, 173 (9th Cir. BAP 1987); Bankr.R. 8006. Therefore, Debtor's request for time to raise additional grounds for appeal is **DENIED.**

The Clerk is **DIRECTED** to send a copy of this order to counsel for the parties, the United States Trustee, and the United States Bankruptcy Court for the Eastern District of Virginia.

**IT IS SO ORDERED.**