**J. ARON & COMPANY, INC.,**
**Plaintiff-Appellant,**

**v.**

**S/S OLGA JACOB, her engines, tackle, etc., in rem, Defendant,**

**Sterling Navigation Co., Ltd., in personam, Defendant-Appellee.**

**No. 75–3575.**
**Summary Calendar.***

.United States Court of Appeals,
Fifth Circuit.

**Feb. 18, 1976.**

Robert Wiegand, II, Brunswick Deutsch, New Orleans, La., for plaintiff-appellant.

James L. Schupp, Jr., New Orleans, La., for defendant-appellee.

Before BROWN, Chief Judge, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Here there was an agreement to extend the time within which to file suit as provided by COGSA, 46 U.S.C. § 1303(6). The agreement expired on Sunday. The District Court held that filing of suit on the following day, Monday, was not timely. We reach the contrary conclusion and reverse.

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

■ The District Court considered inapplicable the common law rule that when an act is to be performed within a given number of days and the last day falls on Sunday, the person charged with acting has the following day to comply. The court relied upon *United Fruit Co. v. J. A. Folger & Co.*, 270 F.2d 666 (C.A.5, 1959), *cert. denied*, 362 U.S. 911, 80 S.Ct. 682, 4 L.Ed.2d 619 (1960). That case held that such a COGSA extension should be strictly construed and the end-date recognized. It did not, however, speak to application of the common law rule concerning Sundays, for it involved delay from one secular day to another. Application of the usual Sunday rule is not a shift to a loose rather than a strict rule, since it would involve but a single day and that rising from a familiar legal principle.

■ Furthermore, though not applicable to contracts, F.R.Civ.P. 6(a) permits the next business day to be included in the computation of a period of time which would otherwise end on a Sunday, notwithstanding F.R.Civ.P. 77(a) which provides that the District Court is always open for purposes of filing. Allowing this suit would conform to the spirit of the Rules and would be consistent with the treatment of a COGSA limitation period not modified by agreement between the parties.

Reversed and remanded.