## BURGER KING CORPORATION, Plaintiff,

v.

## B–K OF KANSAS, INC., & John Ercy Wilkinson, Defendants.

### Civ. A. No. 86–2294–S.

United States District Court, D. Kansas.

Jan. 15, 1987.

---

**672**

See also 69 B.R. 812.

Andrew C. Hall, J. Jeffrey Campbell, Scott Alan Orth, Raymond L. Robinson, Hall and O'Brien, P.A., Miami, Fla., J.B. King, Fisher, Patterson, Sayler and Smith, Topeka, Kan., for plaintiffs.

Dan E. Turner, Topeka, Kan., Mark Klein, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion to dismiss plaintiff's complaint to determine dischargeability. This case originally arose in the form of a bankruptcy petition filed by defendants. It has meandered through a maze of complex procedural motions, a path that the court intends to further straighten out today. The court finds that an oral hearing will not be necessary in determining the merits of the present motion.

Defendants originally filed for bankruptcy in the United States District Court for the District of Kansas on January 30, 1985. As with all bankruptcy filings, defendants' case was automatically referred to the Bankruptcy Court for the District of Kansas. On July 17, 1985, the plaintiff filed a pleading in the bankruptcy court that requested an order of non-dischargeability of a debt and also contained an adversarial complaint stating a cause of action for trademark infringement, and a request to exclude the franchise agreements from the property of the estate. Defendants counterclaimed in the adversarial matter, alleging a violation of the Racketeer Influenced & Corrupt Organizations Act (RICO). On August 29, 1986, this court withdrew its reference of the issues raised in plaintiff's pleading, and those matters were moved to this court. *See Burger King Corp. v. B–K of Kansas, Inc.,* 64 B.R. 728 (D.Kan.1986). On December 18, 1986, this court granted plaintiff's motion to dismiss defendants' RICO claim.

Defendants now move this court to dismiss that portion of plaintiff's July 17, 1985 complaint that seeks nondischargeability of an alleged debt owed by defendants. Defendants base their motion on plaintiff's allegedly untimely filing of the complaint for nondischargeability. The uncontroverted facts for the purposes of this motion are as follows. After defendants' January 30, 1985 bankruptcy petition filing, the bankruptcy court, on February 27, 1985, entered an order setting the date of the creditors' meeting pursuant to 11 U.S.C. § 341(a), for March 19, 1985, at 9:00 a.m. in Topeka, Kansas. This order contained a notice that "complaints to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." This language tracks Bankruptcy Rule 4007(c). Defendants contend, and plaintiff does not dispute, that this notice was sent to plaintiff. Because the first date set for the meeting of creditors was March 19, 1985, complaints to determine discharge-

ability under Section 523(c) had to be filed by May 18, 1985. Defendants point out that plaintiff's complaint was filed pursuant to 11 U.S.C. § 523(c), that it was filed on July 17, 1985, and that therefore it should be dismissed as untimely.

Bankruptcy Rule 4007(c), however, provides for an extension of time to file a complaint under Section 523(c). The Rule states that "[o]n motion of any party in interest, after hearing on notice, the court may *for cause* extend the time fixed under this subdivision. The motion shall be made before the time has expired." (Emphasis added). On May 17, 1985, one day before the time limit expired, two purported creditors of defendants filed separate motions for an extension of time in which to file a complaint to determine dischargeability. On May 24, 1985, in separate orders originally prepared by the creditors' common counsel, Judge Franklin of the Bankruptcy Court granted each creditor's motion. The order contained the following order language:

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the time in which to file an objection to discharge or a complaint to determine dischargeability is hereby extended to a date sixty (60) days after the completion of Rule 2004 examinations of the debtors.

*See In re John Ercy Wilkinson,* No. 85–20111, slip op. (Bankr.D.Kan. May 24, 1985).

The generality of both the Order's language and Bankruptcy Rule 4007(c) complicates analysis of the timeliness issue. Neither the Order nor the Rule expressly restricts the extension of time to the specific creditor making the motion for extension. Accordingly, plaintiff argues that the Bankruptcy Court had the authority under Rule 4007(c) to grant, and did in fact grant, an extension of time for all creditors upon the motion of one creditor. Plaintiff also argues that defendants should be estopped from bringing this motion to dismiss because of the late date. Defendants argue that the extensions run only to those creditors that file a timely application for extension.

The court has been unable to locate any precedent on this issue. It certainly is a much more complicated question than the parties would lead this court to believe. The court finds, however, that the most principled reasoning supports defendants' motion to dismiss.

First, the language of Rule 4007(c) that governs extensions of the filing period, when viewed in light of the present situation, supports the conclusion that the extensions in this case were specific to the moving parties. The rule allows the court to extend the time limit only upon a showing of good cause. In the present case, both parties that moved for an extension of time gave the following grounds for the motion: "[A]dditional time is necessary for discovery and the possible taking of Rule 2004 examinations. Until discovery is completed, it is not possible to determine whether or not there are any grounds upon which to file ... a complaint to determine dischargeability of any debt." The court cannot assume that the plaintiff *also* needed additional time and discovery in order to determine whether *it* had a valid basis for filing a complaint to determine dischargeability. It could be that plaintiff might be able to give the bankruptcy court a number of legitimate reasons why it should receive an extension of time for filing a complaint. The simple fact is that plaintiff did not proffer a motion for extension, nor did it apprise the court of its desire to join in the motion of the two moving creditors. Plaintiff cannot now be heard to claim that the granting of these two particularized motions for extension enlarged the time for it to file a complaint.

Second, the plaintiff has not shown this court that its failure to file a timely complaint is the result of reasonable reliance on any order of the bankruptcy court or any other act or occurrence. The two creditors that filed timely motions for extension did so on the next to last day before the time limit. The court did not even grant these motions until *after* the period ran. For all plaintiff knew, there would possibly be no extension of time granted, in which case plaintiff would not even have had the

suspect grounds it presently asserts in defense of the motion to dismiss.

Third, the court is unwilling to interpret the bankruptcy judge's orders as applying to any other person beyond the moving party. Absent (1) an express finding that all creditors of the particular debtor need an extension, and (2) that this universal extension is based on some "cause" by which all creditors in general have a need for an extension of time, the language of Rule 4007(c) does not appear to permit the bankruptcy court to grant any extension to nonmoving parties. In addition, the moving creditors' motions cannot reasonably be interpreted as requesting a general extension. To the extent that nonmoving creditors are precluded from having their debts declared nondischargeable, the likelihood of the moving creditors' claims being satisfied by the debtor is enhanced. In a situation involving creditors scrambling for whatever assets a bankrupt debtor might have, the fewer the creditors, the better chance the remaining creditors have in seeing their debts paid. In this manner, the moving parties share no "community of interest" with the nonmoving creditors, and the former's motions for extension are not sought on behalf of the latter. *Cf. In re Farmer,* 786 F.2d 618, 620 (4th Cir.1986). The moving creditors' motion cannot reasonably be interpreted as requesting an extension on behalf of others who are competing for a limited pool of assets.

In its brief, plaintiff relies on *In re Sturgis,* 46 B.R. 360 (Bankr.W.D.Okla.1985), in arguing that a court can extend generally the time to file objections to discharge. This case actually supports the opposite conclusion. In *In re Sturgis,* creditors A and B had timely moved for separate extensions of time. However, a glitch prevented creditor A's motion from being heard by the court. Creditor B's motion was granted. The debtor argued that the failure of creditor A's motion to come on for hearing warranted preclusion of A's complaint objecting to discharge. However, the mere fact that the court failed to hold that the granting of B's motion also extended to A refutes plaintiff's argument. The court treated each motion on its own merits and

the case in no way legitimizes a general extension of time.

The court does not hold that a general extension is precluded by Rule 4007(c). That issue is not before the court. The court merely finds that under the particular facts of this case, the bankruptcy court's orders granting extensions of time to the two moving creditors did not effect an extension of time for plaintiff. Because the plaintiff failed to file a timely application for extension of time, Bankruptcy Rule 4007(c) compels this court to dismiss plaintiff's complaint to determine dischargeability. While this result is harsh, the bankruptcy rules leave no alternative:

> Once the Rule 4007(c) time has elapsed, a properly scheduled creditor can never raise the question of nondischargeability as a claim of a claim ... in the Bankruptcy Court or in any other forum.

> The result is automatic and sometimes leads to harsh results. However, Congress intended to establish a system whereby certain types of nondischargeability claims would be automatically cut off after a relatively short period of limitations in order to prevent debtors from being harassed by creditors after their claims had been discharged in bankruptcy. Congress meant to cure the abuse whereby debtors were routinely sued by creditors long after bankruptcy creditors claiming that their claims were not discharged because of fraud or a false financial statement. . . .

*In re Kirsch,* 65 B.R. 297, 299–300 (Bankr. N.D.Ill.1986).

■ The fact that plaintiff's complaint was filed in July, 1985, and defendant's motion to dismiss was not filed until December, 1986, does not affect the court's decision. The Bankruptcy Court in *In re Kirsch* stated that Rule 4007(c) is jurisdictional and nonwaivable. In fact, in *Kirsch* the parties had already finished a trial when the debtor first raised noncompliance with the filing period. Furthermore, the abundance of complicated issues and lengthy motions in this case constitutes a basis for excusable neglect in filing the

present motion. Therefore, defendants' tardiness in the present case is no bar to its motion.

The court's decision today affects only that portion of plaintiff's July 17, 1985 pleading that relates to the dischargeability determination. The other two matters raised in that document remain intact. Also, both parties have moved for sanctions relating to the bringing of the present motion. For obvious reasons, the complexity of the issues raised by Rule 4007(c) compel this court to deny these motions.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion to dismiss plaintiff's complaint to determine dischargeability be granted. IT IS FURTHER ORDERED that the parties' motions for sanctions be denied.