In re Peter W. LAZIDIS, Debtor.

NBC BANK—SAN ANTONIO, N.A., Plaintiff,

v.

Peter W. LAZIDIS, Defendant.

Bankruptcy No. 88–50547.
Adv. No. 88–5314.

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

June 13, 1989.

Dean W. Greer, Waitz, Greer, Harrell & Cennamo, San Antonio, Tex., for debtor-defendant.

Diann M. Bartek, Patrick L. Huffstickler, Cox & Smith Inc., San Antonio, Tex., for NBC Bank—San Antonio, Nat. Ass'n.

## DECISION AND ORDER ON MOTION TO DISMISS COMPLAINT

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for hearing the motion of Debtor to Dismiss Complaint Objecting to Discharge, and the response thereto by NBC Bank—San Antonio, N.A. Upon con-

sideration thereof, the court finds and concludes that the motion must be denied.

The first meeting of creditors in this case was originally scheduled (and in fact took place) on September 27, 1988. The sixtieth day after this date was the deadline for filing objections to discharge under Bankruptcy Rule 4004. This date fell on a Saturday. Monday of the following week was a federal holiday. Plaintiff NBC filed its complaint on the following Tuesday. The Defendant Debtor argues that, because the complaint was filed more than sixty days after the first meeting date, the bankruptcy court must dismiss the complaint, contending that the sixty-day time period specified in Bankruptcy Rule 4004 raises a jurisdictional bar to consideration of complaints filed outside that window. The Debtor further argues that Bankruptcy Rule 9006(a) is not available to "stretch" the sixtieth day over the weekend and past the federal holiday to the day on which NBC filed its complaint.

NBC responds that nothing in Rule 9006 prevents its application to Bankruptcy Rule 4004, that in fact Rule 6 of the Federal Rules of Civil Procedure operates in precisely the same manner to "stretch" the running of statutes of limitations which happen to fall on weekends and federal holidays. Finally, NBC urges that the bankruptcy rules, having been promulgated by the judiciary, cannot "legislate" by rule the parameters of the judiciary's own jurisdiction, a duty entrusted by the Constitution exclusively to Congress. Rule 4004 must therefore, at best, represent a limitations period which, while piously honored by virtually all courts, is subject to the same rules of construction as are other limitations period.

The parties, after oral argument, submitted letter briefs on the jurisdictional issue.

### ANALYSIS

Federal courts are courts of limited jurisdiction. U.S. Const., Art. III, Sec. 2. It is Congress, pursuant to Article I, which sets the jurisdictional parameters of federal courts. *Bender v. Williamsport Area*

*School District*, 475 U.S. 534, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986); *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 173–180, 2 L.Ed. 60 (1803). The separation of powers envisioned in the Constitution expressly prohibits federal courts from setting their own jurisdiction.

Consistent with this, Section 2075 of Title 28 gives the Supreme Court the power to prescribe by general rules "the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under Title 11." 28 U.S.C. § 2075. However, the section specifically warns that "[s]uch rules shall not abridge, enlarge, or modify any substantive right." *Id.* The Bankruptcy Rules themselves mirror this caution. Bankr.R. 9030 (bankruptcy rules "shall not be construed to extend or limit the jurisdiction of the courts or the venue of any matters therein").

The principle applies, of course, to all rules promulgated by the courts, not simply the bankruptcy rules. *See Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969) (federal rules cannot be construed to extend or restrict the jurisdiction of the federal courts); *Sibbach v. Wilson & Co.*, 312 U.S. 1, 10, 61 S.Ct. 422, 85 L.Ed. 479 (1941) (recognizing the *inability* of a court, by rule, to extend or restrict the jurisdiction conferred by statute); *Edwards v. E.I. DuPont DeNemours & Co.*, 183 F.2d 165 (5th Cir.1950) (federal rules merely implement jurisdiction conferred by statute).

There is admittedly (and unfortunately) loose language in many cases which terms the sixty-day deadline of Bankruptcy Rule 4004 as jurisdictional. *Kugler v. Harten (In re Harten)*, 78 B.R. 252 (Bankr. 9th Cir.1987); *FDIC v. Kirsch (In re Kirsch)*, 65 B.R. 297 (Bankr.N.D.Ill.1986). That language must be shouted down by the clearer and more compelling words of the Constitution which prohibit courts from engaging in such exercises of self-aggrandizement.

Even were the debtor correct in his contention, the court would nonetheless reject his argument that Rule 6(a) cannot be applied as a rule of construction with respect

to the deadline set. The Third Circuit has ruled that courts are authorized, for example, to apply Rule 6(a) of the Federal Rules of Civil Procedure to interpret the computation of the time deadlines imposed in 28 U.S.C. § 2401(b) for actions asserted under the Federal Tort Claims Act. *Frey v. Woodard*, 748 F.2d 173 (3d Cir.1984). Said the court, "the jurisdiction of the federal courts to construe the statute cannot be a matter of serious doubt." *Id.* at 175; *Cf. W.B. Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584 (5th Cir.1981) (180-day deadline specified in Age Discrimination in Employment Act, though a pre-condition to filing suit, was not related to the subject matter jurisdiction of the court).

When a statute does not itself specify a time deadline, as is the case with objections to discharge, the application of Rule 6(a) is even more compelling. The Fifth Circuit has specifically held that the Rule 6(a) method of computing federal statutory time limitations is clearly appropriate when the computational period is not specifically delineated by statute. *Lawson v. Conyers Chrysler, Plymouth, and Dodge Trucks, Inc.*, 600 F.2d 465 (5th Cir.1979); *Armstrong v. Tisch*, 835 F.2d 1139 (5th Cir. 1988); *J. Aron & Co. v. S/S Olga Jacob*, 527 F.2d 416 (5th Cir.1976); *see* 4A C. Wright & A. Miller, *Federal Practice & Procedure* § 1163 (1987) (majority rule permits courts to use Rule 6(a) to compute time periods in federal statutes of limitations).

## CONCLUSION

Bankruptcy Rule 4004 merely sets a limitations period on complaints objecting to discharge. In the Fifth Circuit, Rule 6 of the Federal Rules of Civil Procedure operates to extend the running of limitations over weekends and holidays. Rule 6 has been incorporated in bankruptcy by Bankruptcy Rule 9006(a). Bankruptcy Rule 9006(a) applies to Bankruptcy Rule 4004, making the filing of this complaint timely. The motion to dismiss is therefore denied, and the matter will proceed to trial in accordance with this court's usual scheduling order.

So ORDERED.