In re Geraldine Eva SNYDER, Debtor.

Bankruptcy No. 89–01823–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

July 14, 1989.

---

withdrawn in return for the debtor's consent to a 30–day extension of the July 17 deadline fixed in this case (CP 4) in accordance with the requirements of the Bankruptcy Rule 4004(a) and 11 U.S.C. § 523(c) and B.R. 4007(c).[1]

The Bankruptcy Code and the Bankruptcy Rules require the imposition of mandatory deadlines for the filing of objections to discharge and, in certain specified respects, complaints seeking exception from discharge. These requirements display a clear mandate for prompt disposition of these controversies. This court will not permit litigants to bind this court, by bargaining for delay beyond that specified by the Rules and the Code. Therefore, the stipulated order was not entered by the court, and the parties were so notified the day before the scheduled hearing.

At the hearing, Citibank relied solely on its stipulation and declined its opportunity to carry its burden of challenging the debtor's exemptions.

Accordingly, the objection of this creditor to the debtor's claim of exemptions is overruled and denied.

DONE and ORDERED.

David C. Cimo, Holland & Knight, Ft. Lauderdale, Fla., Lawrence A. Gordich, Holland & Knight, Miami, Fla., for Citibank.

James A. Bond, Palm City, Fla., for debtor.

Douglass E. Wendel, Palm Beach, Fla., trustee.

### ORDER ON CREDITOR'S OBJECTION TO CLAIMED EXEMPTIONS

THOMAS C. BRITTON, Chief Judge.

The objection (CP 7) of Citibank to the debtor's claim of exemptions was heard July 11.

The parties had stipulated the day before that the objection would be voluntarily

---

1. Although the motion makes no reference to the 30–day extension, the attached, proposed Order (¶ 3) contained this provision, and I am convinced that this was Citibank's primary objective.