**In re Robert Francis WELSH, Debtor.**

**UNION TRUST COMPANY, Plaintiff,**

**v.**

**Robert Francis WELSH, Defendant.**

**John G. RUTH, Jr., Plaintiff,**

**v.**

**Robert Francis WELSH, Defendant.**

**Bankruptcy No. 91–9444–9P7.**

**Adv. Nos. 91–727, 91–738.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

March 9, 1992.

M. Lynn Pope, Tampa, Fla., for defendant.

Cathy S. Reiman, Naples, Fla., for plaintiff—Union Trust Co.

Elizabeth G. Rice, Tampa, Fla., for plaintiff—John G. Ruth, Jr.

Eugene V. Allen, trustee.

Sara Kistler, Asst. U.S. Trustee.

## ORDER DENYING DEBTOR'S MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 liquidation case and the matters under consideration are identical motions to dismiss filed by the Debtor, Robert Frances Welsh, in two separate adversary proceedings—Adv. No. 91–738, filed by John G. Ruth and Adv. No. 91–727, filed by Union Trust Company. Because both motions state as grounds for dismissal that Plaintiff's complaint is time-barred, these motions have been consolidated for purposes of this opinion.

The relevant facts in this matter are undisputed. On July 22, 1991, the Debtor, Robert Frances Welsh ("Debtor"), filed a Voluntary Chapter 7 Petition. On August 5, 1991, the Clerk of the Bankruptcy Court issued a notice setting the first meeting of creditors for August 27, 1991. Additionally, the Order included a notice to all creditors setting the last date to file complaints seeking to determine the dischargeability of debts for October 28, 1991. Since the sixtieth day following August 27 fell on Saturday, October 26, the Bankruptcy Clerk set the bar date for that Monday, October 28, 1991.

On October 28, 1991, John G. Ruth and Union Trust Company (Plaintiffs) each filed a complaint under 11 U.S.C. § 523(c) seek-

ing to determine the dischargeability of certain obligations owed to them by the Debtor. Each Plaintiff subsequently filed an amended complaint and on January 27, 1992. The Debtor filed identical motions to dismiss Plaintiffs' amended complaints, stating as grounds therefore that the Bankruptcy Court had no jurisdiction over the amended complaints because they were not timely filed. In its motions to dismiss, the Debtor correctly stated that the amended complaints "related back" to the filing date of the original complaints, namely October 28, 1991.

The Debtor in this case contends that the complaints filed by the Plaintiffs are time-barred because they were not filed by October 26, 1991, 60 calendar days from the date of the creditors meeting. In contrast, the Plaintiffs contend that under Bankruptcy Rule 9006(a), the 60–day time limit for filing their claims did not expire until October 28, 1991 and, hence, their complaints were timely filed.

Bankruptcy Rule 4007 states in pertinent part that a complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall not be filed later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a) and Bankruptcy Rule 4007. Additionally, Bankruptcy Rule 9006(a) provides that in computing any period of time prescribed or allowed by these rules ... the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, *unless* it is a Saturday or a Sunday ... in which event the period runs until the end of the next day which is not one of the aforementioned days. Bankruptcy Rule 9006(a) (emphasis added). Thus, it is clear that if Rule 9006(a) is applicable to the instant case, the 60–day time period provided in Rule 4007 runs through Monday, October 28, 1991, and Plaintiffs' complaints are timely. Conceding this point, the Debtor argues instead that Rule 9006(a) is inapplicable here.

The Debtor's argument on this point centers on his claim that the issue involved is a jurisdictional issue. The Debtor states that the 60–day time limit in Rule 4007 is, in effect, a statute of limitations, and that failure to file within that exact time period effectively cuts off a creditor's substantive rights, thus disarming the Bankruptcy Court of jurisdiction to decide the matter. In contrast, the Plaintiffs contend that Rule 4007 is not a grant of jurisdictional power, but rather a procedure for implementing such power. This fact is clearly stated in Bankruptcy Rule 1001, which defines the scope of the bankruptcy Rules as governing the *procedure* in cases under Title 11 of the United States Code. Moreover, the advisory committee's Note to Rule 4007 specifically states that the Rule prescribes the *procedure* to be followed by a party requesting a determination of dischargeability. In addition, various courts, such as the Ninth Circuit, have specifically held that the time limitation under Rule 4007(c) involves a "procedural matter" and does not amount to a "statute of limitations." *In re Burns*, 102 B.R. 750 (9th Cir.BAP 1989).

The 60–day time period in question here is set out in Bankruptcy Rule 4007. Notably, it is not part of the statutory law of bankruptcy. Thus, as Plaintiffs' counsel contends, the time frame set out in the rule is procedural in nature. Given that, Rule 9006(a) provides a procedure by which to compute the 60–day time period and, as Debtor's counsel has previously conceded, under the formula set out in Rule 9006(a), Plaintiffs' complaints were timely filed.

Further support, if any is needed, for the principle that Rule 4007 is procedural in nature is found in the fact that the rule allows for the court, upon motion of any party in interest, to extend the 60–day time limit. A statute of limitations, which would govern the substantive rights of a party, could not be extended by virtue of a court order.

Because the Plaintiffs' complaints were, in fact, timely filed, the Debtor's motion to dismiss the complaints should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion to Dismiss Adversary Proceeding No. 91–738 and

Debtor's Motion to Dismiss Adversary Proceeding No. 91–727 are hereby denied.

DONE AND ORDERED.