In re Richard L. DOMBROFF,
M.D., Debtor.

Richard L. DOMBROFF, M.D.,
Defendant–Appellant,

v.

Ira S. GREENE, as Trustee of Richard
L. Dombroff, M.D., Debtor,
Plaintiff–Appellee.

No. 95 Civ. 3346 (LAK).

United States District Court,
S.D. New York.

Feb. 21, 1996.

Donald Jay Pols, Beilis & Pols, P.C., New York City, for Defendant–Appellant.

David M. Pollack, New York City, Pamela J. Varin, Gainsburg & Hirsch, Purchase, NY, for Plaintiff–Appellee.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Richard L. Dombroff, M.D., the debtor in this chapter 7 case, appeals from an order of the Bankruptcy Court, entered after trial, denying him a discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(2)(B), on the grounds that he (a) transferred his interest in his residence and other property to his wife without consideration within one year prior to the filing of his petition, and (b) removed estate property after the filing of the petition, in each case with actual intent to hinder or defraud creditors. The basic problem here arises because the trustee filed his complaint objecting to discharge after expiration of the time for its filing, although the Bankruptcy Court purported to extend that time *nunc pro tunc*. The principal issue on appeal is whether the failure to file a complaint objecting to discharge within the period prescribed by Bankruptcy Rule 4004(a), or within an extension of that period granted by the Bankruptcy Court on motion made prior to the expiration of that time, is jurisdictional or, instead, simply a defense subject to waiver by or estoppel against the debtor.

### Facts

Dombroff, the debtor, was trained as a medical doctor and formerly engaged in the practice of plastic surgery through a wholly-owned corporation, Richard L. Dombroff, M.D., P.C., d/b/a Personal Best. Dombroff and his practice, however, came to grief in the second half of the 1980s. Former patients recovered millions of dollars on mal-

practice claims. Dombroff was indicted in Suffolk County, New York, on fraud and other charges relating to his medical activities. He ultimately pleaded guilty to fraud charges and lost his license to practice medicine.

*The Transfers*

The basis for the trustee's objection to discharge is two transfers made by Dombroff, each of which is alleged to have been made with actual intent to hinder or defraud creditors and each of which independently is said to mandate denial of the discharge.

First, in August 1985, less than one year prior to the filing of the petitions,[1] Dombroff transferred his interest in his home and surrounding real property, theretofore owned by him and his wife, Pamela, as tenants by the entirety, as well as all of the shares of Personal Best Centers, Inc. and the "Personal Best" trademark, to Mrs. Dombroff for no consideration.

Second, on June 23, 1986, prior to the conversion of his case to chapter 7 and at a time when Dombroff was a debtor in possession, Dombroff withdrew $85,000 from his DIP bank account without court authorization. He used $50,000 to post bail following his arraignment in Suffolk County on the criminal charges and returned $35,000 to the account. The Bankruptcy Court subsequently directed the Clerk of Suffolk County to turn the $50,000 over to the trustee.

*Proceedings Below*

Following the filing of the petitions below, the Bankruptcy Court granted motions and "so ordered" numerous stipulations extending the trustee's time to file a complaint objecting to discharge of the debtor. The final date for doing so, prior to the events here at issue, was no later than November 28, 1988.[2]

---

1. Dombroff and Richard L. Dombroff, M.D., P.C., filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on April 4, 1986. The cases were procedurally consolidated and, by order dated July 10, 1986, converted to chapter 7.

2. The Bankruptcy Court's docket sheet shows that the court originally set November 21, 1986, as the deadline for filing a complaint objecting to

discharge. On December 2, 1986, the trustee moved to extend his time; the court granted this motion on January 21, 1987, extending the deadline until August 4, 1987. According to the trustee's later application for an extension now at the center of this appeal, the Bankruptcy Court next "so ordered" a stipulation extending the deadline until September 15, 1987, although this stipulation does not appear in the Bankruptcy Court's

On November 17, 1988, counsel for the trustee wrote to Dombroff's counsel to confirm a conversation of the preceding day during which Dombroff's counsel allegedly agreed to a further extension through March 14, 1989. The trustee's counsel enclosed a signed stipulation to that effect and requested that Dombroff's counsel execute and submit it to the Bankruptcy Court for approval or, if there were any problem, contact one of the trustee's colleagues.

On March 14, 1989, the trustee moved for an extension through July 12, 1989. It then became apparent that the prior stipulation never had been submitted to the court. After a hearing, Judge Blackshear entered an order dated July 26, 1989 (a) extending the time *nunc pro tunc* from November 28, 1988, through March 14, 1989, and (b) further extending the time for ninety days from the date of the order. In the memorandum and reply memorandum submitted in support of his appeal, Dombroff contends that he unsuccessfully opposed the trustee's March 14 motion to extend the time to file objections on the ground that it was untimely. The court's order granting the motion indicates that Dombroff appeared *pro se* and was heard in opposition to the motion, but that he submitted no papers. The court's order does not specify the grounds on which Dombroff's opposition to the extension rested.

Subsequent extensions were granted through April 26, 1990, in each case evidently pursuant to motion made prior to the expiration of the extended time for objecting to the discharge. On April 26, 1990, the trustee finally filed the complaint in this adversary proceeding objecting to the discharge.

The case was tried to Judge Blackshear on April 23, 1993, and January 21, 1994. Dombroff appeared *pro se* and did not renew his contention that the *nunc pro tunc* order rendered the trustee's complaint untimely. (*See*

Answer; Pre–Trial Order) Following the trial, Judge Blackshear granted the trustee's application to deny Dombroff's discharge. He found that both transfers at issue were made without consideration and with actual intent to hinder or defraud creditors.

### Discussion
#### Timeliness of the Complaint Objecting to Discharge

Bankruptcy Rule 4004 provides in relevant part:

"(a) In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).

"(b) On motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. *The motion shall be made before such time has expired.*

"(c) In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case pursuant to Rule 1017(e), *the court shall forthwith grant the discharge* unless (1) the Debtor is not an individual, (2) a complaint objecting to the discharge has been filed, (3) the Debtor has filed a waiver under § 727(a)(10), or (4) a motion to dismiss the case under Rule 1017(e) is pending." FED. R.BANKR.P. 4004 (emphasis added).

Here, the *nunc pro tunc* extension granted by the Bankruptcy Court on July 26, 1989 was not authorized by Rule 4004 because the application for the extension was made after the time for filing a complaint objecting to a discharge had expired.[3] Nor was it autho-

---

docket sheet. On September 15, 1987, the court "so ordered" a stipulation extending the deadline until November 16, 1987. The docket sheet next shows that a stipulation was filed on November 23, 1987 although, unlike all of the other stipulations included on the docket sheet, there is no indication that this stipulation, which purportedly extended the deadline until February 15, 1988, was "so ordered." On February 11, 1988, the court "so ordered" a stipulation extending the

deadline until May 13, 1988. On May 16, 1988, the court "so ordered" a stipulation extending the deadline until August 11, 1988. On August 15, 1988, the court "so ordered" a stipulation extending the deadline until November 28, 1988.

3. Although Dombroff has not raised the point, the Court notes that the time for filing a complaint objecting to discharge arguably expired on each of the several prior occasions on which the

rized by Bankruptcy Rule 9006. While that Rule gives the Bankruptcy Courts broad authority to grant enlargements of time *nunc pro tunc*, Rule 9006(b)(3) specifically provides that the courts' authority to extend time pursuant to Rule 4004 is limited to those circumstances in which such extensions are permitted by the latter rule. FED. R.BANKR.P. 9006(b)(3). In consequence, the extension was unauthorized and the complaint objecting to discharge was untimely.

Dombroff maintains that once the time for the filing of the trustee's complaint expired, the court below was obliged by the express terms of Rule 4004(c) to grant Dombroff a discharge forthwith.[4] The trustee counters that Dombroff waived the timely filing of the complaint objecting to discharge by failing to raise the point below and, in any case, that he is estopped to rely on the expiration of time in view of the fact that his counsel agreed to an extension prior to the expiration of the time period and then failed to file the stipulation. Dombroff rejoins that timely filing of the complaint objecting to discharge was jurisdictional, thus rendering his actions below immaterial. Alternatively, Dombroff

contends that he did not waive the timeliness issue and that estoppel does not lie in this case.

The issue thus presented is not easily resolved, as the cases dealing with the question whether the timely filing of a complaint objecting to discharge is jurisdictional are sharply divided. Many cases, for the most part without articulating their rationales, hold that the Rule 4004 time limits (and similar time limits for seeking revocation of discharge under Rule 4007) are jurisdictional.[5] Indeed, some cases hold that the deadlines imposed by Rules 4004 and 4007 are so strict that the creditor or trustee not only must file complaints objecting to discharge or requests for extensions within the time limits, but that the court must actually grant the relief sought within the time limit.[6] Others, again without much discussion, conclude that the time limits are not jurisdictional and are subject to equitable considerations.[7] At least one case holds that the time limits are both jurisdictional *and* subject to equitable considerations.[8] Some cases hold that the time limits are not jurisdictional but are subject to equitable considerations only in very limited

---

time was permitted to lapse prior to the purported grant of any extension. Note 2, *supra*. Specifically the first motion to extend time was filed twelve days after the original deadline. The November 23, 1987 stipulation was filed seven days after the prior extension had reached its end. The May 16, 1988 stipulation was "so ordered" three days after the prior extension had reached its end. The August 15, 1988 stipulation was "so ordered" four days after the prior extension had reached its end. If Dombroff is correct in his assertion that the Rule 4004(a) time limit is jurisdictional, it would be this Court's duty to raise the issue *sua sponte* despite Dombroff's failure to address these gaps.

**4.** It is undisputed that none of the Rule 4004(c) exceptions to the court's obligation to do so applied here.

**5.** *E.g., In re Stoulig,* 45 F.3d 957 (5th Cir.1995); *In re Brayshaw,* 912 F.2d 1255 (10th Cir.1990); *In re Barley,* 130 B.R. 66 (Bankr.N.D.Ind.1991); *In re Kirkpatrick,* 120 B.R. 309 (Bankr.S.D.N.Y. 1990); *In re Ezell,* 116 B.R. 556 (Bankr. N.D.Ohio 1990); *In re American Sports Innovations,* 105 B.R. 614 (Bankr.W.D.Wash.1989); *In re Krause,* 114 B.R. 582 (Bankr.N.D.Ind.1988);

*In re Booth,* 103 B.R. 800 (Bankr.S.D.Miss.1989); *In re Kirsch,* 65 B.R. 297 (Bankr.N.D.Ill.1986).

**6.** *E.g., In re Stoulig,* 45 F.3d 957 (5th Cir.1995) (court has no power to grant timely made request to extend time to file objections once time for making such request has expired); *In re Channel Home Ctrs., Inc.,* 989 F.2d 682 (3d Cir.) (same), *cert. denied,* — U.S. —, 114 S.Ct. 184, 126 L.Ed.2d 143 (1993); *In re Brayshaw,* 912 F.2d 1255, 1256–57 (10th Cir.1990) (same); *In re Horwitz,* 167 B.R. 237 (W.D.Okla.1994) (same). *Contra, In re Southwest Aircraft Serv., Inc.,* 831 F.2d 848, 853 (9th Cir.1987), *cert. denied,* 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988); *In re Williams,* 124 B.R. 864, 866 (Bankr.N.D.Fla.1991).

**7.** *E.g., Farouki v. Emirates Bank Int'l, Ltd.,* 14 F.3d 244 (4th Cir.1994); *In re Halstead,* 158 B.R. 485 (9th Cir. BAP 1993); *In re Begue,* 176 B.R. 801 (Bankr.N.D.Ohio 1995); *In re Welsh,* 138 B.R. 630 (Bankr.M.D.Fla.1992); *In re Succa,* 125 B.R. 168 (Bankr.W.D.Tex.1991); *In re Lazidis,* 101 B.R. 479 (Bankr.W.D.Tex.1989); *In re Clay,* 64 B.R. 313 (Bankr.N.D.Ga.1986); *In re Mufti,* 61 B.R. 514 (Bankr.C.D.Cal.1986).

**8.** *In re Harten,* 78 B.R. 252 (9th Cir. BAP 1987).

circumstances,[9] or are subject only to some equitable considerations and not others.[10] Finally, without speaking in terms of jurisdiction, many cases hold, on the one hand, that courts have "no discretion" to hear untimely complaints objecting to discharge or non-dischargeability complaints [11] or, on the other hand, that assertions of the time limits are subject to equitable considerations, thus implying that such limits are not jurisdictional.[12]

The trustee relies primarily on *In re Santos*, 112 B.R. 1001 (9th Cir. BAP 1990), which held that the time limits under Rules 4004 and 4007 are not jurisdictional and therefore are subject to equitable estoppel and waiver. *Id.*, at 1007–08. In *Santos*, the panel attempted to apply principles set out in *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–97, 102 S.Ct. 1127, 1132–35, 71 L.Ed.2d 234 (1982), for distinguishing statutes of limitation from jurisdictional time limits. But the *Santos* panel's reliance on *Zipes* for the proposition that the Rule 4004 time limit should be treated as a statute of limitations is misplaced.

*Zipes* held that the timely filing requirement for administrative review of Title VII claims is not a jurisdictional prerequisite to judicial review. 455 U.S. at 393, 102 S.Ct. at 1132. It based its holding on the remedial policy of Title VII, legislative history, prior case law, the separation of the time-limiting section of the statute from the jurisdiction-granting section, and the inappropriateness of giving a technical reading to requirements that would apply to lay persons filing administrative complaints without assistance of counsel. *Id.*, 455 U.S. at 393–97, 102 S.Ct. at 1132–35. Here, although the grant of bankruptcy jurisdiction and the time limits appear in different statutory sections, as in *Zipes*, the Code's policies can support either a jurisdictional or a non-jurisdictional interpreta-

9. One such line of cases holds that courts have the power to accept untimely objections or complaints if the untimeliness was caused by the court's own errors. *E.g., In re Isaacman*, 26 F.3d 629, 632–33 (6th Cir.1994) (untimeliness excused where caused by court's error); *In re Anwiler*, 958 F.2d 925, 928 (9th Cir.) (same), *cert. denied*, 506 U.S. 882, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992); *In re Marino*, 143 B.R. 728, 733 (9th Cir. BAP 1992) (untimeliness *only* excused where caused by court's error); *In re Cintron*, 101 B.R. 785, 786 (Bankr.M.D.Fla.1989) (same); *In re Hickey*, 58 B.R. 106 (Bankr.S.D.Ohio 1986). Another exception is sometimes made if the creditor has not had constitutionally adequate notice of the pendency of the proceedings or the existence of a claimed exemption. *E.g., In re Woodson*, 839 F.2d 610 (9th Cir.1988); *In re De la Cruz*, 176 B.R. 19, 22 (9th Cir. BAP 1994); *In re Ginsberg*, 164 B.R. 870, 874–75 (Bankr.S.D.N.Y. 1994).

10. *E.g., In re Santos*, 112 B.R. 1001 (9th BAP Cir.1990) (equitable tolling is not available, but equitable estoppel and waiver are).

11. *E.g., In re Kazi*, 985 F.2d 318, 320 (7th Cir. 1993) (Rule 4003(b) is "absolute bar" to untimely objections to discharge); *In re Neese*, 87 B.R. 609, 610 n. 3 (9th Cir. BAP 1988) (court has "no discretion" to grant untimely motion to extend time to file dischargeability complaint); *In re Fauchier*, 71 B.R. 212, 216 (9th Cir. BAP 1987) (same); *In re Donald D. Rhodes*, 71 B.R. 206, 207 (9th Cir. BAP 1987) (same); *In re Herbert B. Rhodes*, 61 B.R. 626, 629 (9th Cir. BAP 1986) (same); *In re Biederman*, 165 B.R. 783, 788 (Bankr.D.N.J.1994) (court has "no discretion" to grant requests to extend time to file after Rule 4004 or Rule 4007 deadline has passed); *In re White*, 133 B.R. 206, 208 (Bankr.S.D.Ind.1990) (same); *In re Cover*, 97 B.R. 375, 377–78 (Bankr. S.D.Ohio 1989) (Rule 4007(c) deadline is "set in stone"); *In re Ford*, 87 B.R. 641, 644 (Bankr. D.Nev.1988) (court has "no discretion" to extend time to file once Rule 4007 deadline has passed); *In re Manuel*, 67 B.R. 825, 827 (Bankr.E.D.Mich. 1986) (court has "no discretion" to extend time to file once Rule 4004 deadline has passed); *In re Ksenzowski*, 56 B.R. 819, 830 (Bankr.E.D.N.Y. 1985) (court has "no discretion" to extend time to file objections to discharge when made after the Rule 4004 deadline has passed, but may act to correct its own mistakes); *In re Barr*, 47 B.R. 334, 336 (Bankr.E.D.N.Y.1985) (court has "no discretion" to extend time to file objections after Rule 4007 deadline has passed); *In re Whitfield*, 41 B.R. 734, 736 (Bankr.W.D.Ark.1984) (objection to discharge is "fatally untimely" if filed after deadline, Rules 4004 and 4007 do not permit the court "any discretion" in the matter); *In re Lane*, 37 B.R. 410, 414 (Bankr.E.D.Va.1984) (court has "no discretion" to extend time to file objections once Rule 4004 or Rule 4007 deadline has passed).

12. *E.g., Burger King Corp. v. B–K of Kansas, Inc.*, 73 B.R. 671, 674 (D.Kan.1987) (considering, but rejecting, claim that debtor waived right to assert time bar under Rule 4007, implying that, since waiver was possible, deadline is non-jurisdictional); *In re Kleinoeder*, 54 B.R. 33, 35 (Bankr. N.D.Ohio 1985) (holding that debtor waived assertion of time limitation, implying that deadline is non-jurisdictional).

tion of the time limits. Moreover, the legislative history is silent, the case law is divided, and the situation in which the Code's time limits apply is not similar to the situation in which lay persons are filing grievances with an administrative agency without benefit of counsel. *Zipes* therefore provides slender support for the trustee's position.

Dombroff relies on *In re Poskanzer,* 146 B.R. 125 (D.N.J.1992), and *In re Barley,* 130 B.R. 66 (Bankr.N.D.Ind.1991), both of which specifically rejected *Santos* and concluded that the Rule 4004 and 4007 time limits are jurisdictional and therefore are not subject to equitable defenses. Unfortunately, neither of these cases offers a compelling argument for concluding that the time limits are jurisdictional. Moreover, Bankruptcy Rule 9030 provides that the Bankruptcy Rules neither confer nor limit jurisdiction, thus undermining the view taken in *Poskanzer* and *Barley.*

Given the lack of any controlling or, for that matter, terribly persuasive authority on the point, it seems appropriate to consider analogies from non-bankruptcy areas as well as the policies of the Bankruptcy Code. Two close analogies are the time limits for seeking review of lower court decisions by the Supreme Court and the Courts of Appeals respectively.

The Supreme Court has considered whether time limitations on the filing of petitions for certiorari are jurisdictional. In civil cases, the Court has held that the deadline imposed within the very statute that confers certiorari jurisdiction on the Supreme Court is "mandatory and jurisdictional." [13] By contrast, where the time limit is set by the Court's rules rather than by statute, as is the case with certiorari petitions in criminal cases,[14] the Court has held that the limit is not jurisdictional.[15] Thus, the Court distinguishes between criminal and civil petitions based on the fact that the deadline for filing certiorari petitions in civil cases is set by statute, while the deadline for filing in criminal cases is set solely by rule.

■ In the courts of appeals, time limits for filing a notice of appeal have raised similar questions. The limit in civil cases is statutory. Section 2107(a) of the Judicial Code provides that "no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree." 28 U.S.C. § 2107(a) (1988).[16] The time for

---

**13.** *Federal Election Comm'n v. NRA Political Victory Fund,* —— U.S. ——, ——, 115 S.Ct. 537, 539, 130 L.Ed.2d 439 (1994); *Missouri v. Jenkins,* 495 U.S. 33, 45, 110 S.Ct. 1651, 1660, 109 L.Ed.2d 31 (1990) ("Title 28 U.S.C. § 2101(c) requires that a petition for certiorari in a civil case be filed within 90 days of the entry of judgment below. This 90 day limit is mandatory and jurisdictional. We have no authority to extend the period for filing except as Congress permits."). 28 U.S.C. § 2101 (1988) provides in pertinent part that:

"(c) Any other appeal or any writ of certiorari intended to bring any judgment or decree in a civil action, suit or proceeding before the Supreme Court for review shall be taken or applied for within ninety days after the entry of such judgment or decree. A justice of the Supreme Court, for good cause shown, may extend the time for applying for a writ of certiorari for a period not exceeding sixty days.

"(d) The time for appeal or application for a writ of certiorari to review the judgement of a State court in a criminal case shall be as prescribed by rules of the Supreme Court."

**14.** Sup.Ct.R. 13.1 provides that:

"A petition for a writ of certiorari to review the judgment in any case, civil or criminal, entered by a state court of last resort, a United States court of appeals, or the United States Court of Military Appeals shall be deemed in time when it is filed with the Clerk of this Court within 90 days after the entry of the judgment."

**15.** *Schacht v. United States,* 398 U.S. 58, 63–64, 90 S.Ct. 1555, 1559, 26 L.Ed.2d 44 (1970) ("[I]t must be remembered that this rule was not enacted by Congress but was promulgated by this Court under authority of Congress to prescribe rules concerning the time limitations for taking appeals and applying for certiorari in criminal cases. The procedural rules adopted by the Court for the orderly transaction of its business are not jurisdictional and can be relaxed by the Court in the exercise of its discretion when the ends of justice so require."); *Shapiro v. Doe,* 396 U.S. 488, 489, 90 S.Ct. 641, 641, 24 L.Ed.2d 677 (1970) ("Time defects such as this one involving only a failure to comply with the Rules of this Court do not rise to jurisdictional proportions and can be waived by the Court where the interests of justice so require.").

**16.** This time limitation is restated in Fed.R.App. Proc. 4(a)(1).

filing criminal appeals once was set by FED. R.CRIM.PROC. 37, first enacted into statute at 18 U.S.C. § 3732 (1948). Section 3732, in turn, was repealed and FED.R.CRIM.PROC. 37 was replaced by FED.R.APP.PROC. 4. FED. R.APP.P. 4, however, was promulgated pursuant to the Rules Enabling Act, 28 U.S.C. § 2072(b) (1988), which provides that rules of procedure prescribed for district courts and courts of appeal by the Supreme Court supersede conflicting prior statutes without regard to whether the cases affected are civil or criminal. *Griffith Co. v. National Labor Relations Bd.,* 545 F.2d 1194 (9th Cir.), *cert. denied,* 434 U.S. 854, 98 S.Ct. 171, 54 L.Ed.2d 125 (1976). Hence, the time limits for filing appeals to the courts of appeals are statutory or have the force of statutes. It therefore is not surprising that those time limits are "mandatory and jurisdictional" regardless of whether a case is criminal or civil.[17]

■ The treatment of the time periods within which to seek certiorari or review by the courts of appeals thus suggests that the dispositive question is whether the time within which to file a complaint objecting to discharge is statutory in nature or simply the product of a rule of court. This approach comports well with the basic principle that all inferior federal courts are courts of limited jurisdiction exercising only that jurisdiction given to them by Congress.

■ The Bankruptcy Rules, unlike the Federal Rules of Appellate Procedure, are not promulgated under the Rules Enabling Act. The Supreme Court derives its authority to promulgate rules for the bankruptcy courts under 28 U.S.C. § 2075 which, unlike the Rules Enabling Act, contains no language

providing that bankruptcy rules supersede conflicting prior statutes. *Compare* 28 U.S.C. § 2072(b) (1988) *with* 28 U.S.C. § 2075 (1988). This suggests that the Bankruptcy Rules are rules only, having no statutory effect, and that the time for filing a complaint objecting to discharge is not jurisdictional. This conclusion, moreover, is consistent with the policy of the Code to afford debtors a fresh start and with the pervasive interest in finality, which would be ill-served by a contrary ruling that could leave discharges open to collateral attack in perpetuity. Accordingly, this Court holds that the time period fixed by FED.R.BANKR.P. 4004 is not jurisdictional in nature.

*Equitable Arguments Against Strict Application of the Time Limitation*

■ Having determined that the deadline imposed by Rule 4004(a) is not jurisdictional, the Court may consider the trustee's arguments for excusing his untimely filing of the complaint objecting to discharge on the grounds of estoppel or waiver. The Court notes, however, that its conclusion that the Rule 4004(a) deadline is not jurisdictional does not alter the principle that the Rule's deadlines are to be interpreted strictly and in a manner consistent with the Code's policies in favor of providing a fresh start for the debtor and prompt administration of the case. *See Taylor v. Freeland & Kronz,* 938 F.2d 420 (3d Cir.1991), *aff'd,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *In re Poskanzer,* 146 B.R. 125, 132 (Bankr.D.N.J. 1992). Nor is there any question that the grant of an extension *nunc pro tunc* after the deadline for requesting an extension had passed was unauthorized. *In re Kirsch,* 65 B.R. 297, 300 (Bankr.N.D.Ill.1986). The

**17.** *E.g., Browder v. Director, Dept. of Corrections of Illinois,* 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978); *United States v. Samango,* 607 F.2d 877, 880 (9th Cir.1979) (holding that Rule 4 time limit in criminal case is jurisdictional); *Burnside v. Eastern Airlines, Inc.,* 519 F.2d 1127, 1128 (5th Cir.1975) (same in civil case). The question of the jurisdictional nature of the Rule 4 filing time limit is further confused by cases holding that the Rule is mandatory and a necessary prerequisite to the court's acquisition of jurisdiction, yet "is not 'jurisdictional' in the sense of subject matter jurisdiction." *See United States v. Ford,* 627 F.2d 807, 809 (7th Cir.), *cert.*

*denied,* 449 U.S. 923, 101 S.Ct. 324, 66 L.Ed.2d 151 (1980); *see also United States v. Tabor Court Realty Corp.,* 943 F.2d 335, 342–43 (3d Cir.1991), *cert. denied,* 502 U.S. 1093, 112 S.Ct. 1167, 117 L.Ed.2d 413 (1992); *Andre v. Guste,* 850 F.2d 259, 262 (5th Cir.1988); *United States v. Ward,* 696 F.2d 1315, 1317 (11th Cir.), *cert. denied,* 461 U.S. 934, 103 S.Ct. 2101, 77 L.Ed.2d 308 (1983); 9 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 204.02[2] (2d ed.1995). The opinions in these cases fail to offer an intelligible distinction between jurisdictional prerequisites that are and are not jurisdictional "in the sense of subject matter jurisdiction."

question before this court is whether Dombroff now may raise the time limitation.

### Equitable Estoppel

█ The trustee urges the Court to hold that Dombroff is estopped to raise the issue of timeliness on the basis of Dombroff's alleged inequitable conduct. Specifically, the trustee maintains that Dombroff's counsel agreed to stipulate to an extension of the time for the trustee to file a complaint objecting to discharge from November 29, 1988, through March 14, 1989.

█ It is unclear here whether the alleged agreement relied upon by the trustee ever was made. But the matter may be resolved without determining that issue. Equity aids the vigilant. *In re Cover,* 97 B.R. 375, 379 (Bankr.S.D.Ohio 1989); *In re Rhodes,* 61 B.R. 626, 630 (9th Cir. BAP 1986) (even lack of notice from the court of the bar date does not excuse creditor's failure to inquire). A stipulation is ineffective to extend time to file objections to discharge unless "so ordered" by the court. *In re Dent,* 137 B.R. 78, 80 (Bankr.S.D.Ga.1992); *In re Snyder,* 102 B.R. 874, 875 (Bankr.S.D.Fla. 1989). The trustee was obligated to determine that the court had received and approved the stipulation before he reasonably could rely on the extension it proposed. Reliance on another party's representations cannot work an estoppel unless that reliance is reasonable. *In re Santos,* 112 B.R. 1001, 1008–09 (9th Cir. BAP 1990) (holding that reliance on a party's promise to extend deadline for filing objection to discharge was unreasonable, as only court could extend the deadline). While the trustee may have relied on Dombroff's counsel, that reliance was unreasonable as a matter of law where the trustee had over a week to determine whether the court had granted the extension or, indeed, whether the stipulation in fact had been filed with the court. He failed to do so. Bearing in mind that the time limit under Rule 4004(a) is to be applied strictly, even though it is not jurisdictional, the Court holds that Dombroff's counsel's alleged

agreement to extend the time period, assuming it actually occurred, in the circumstances of this case does not estop Dombroff from asserting the time limitation against the trustee.[18] Although the failure of Dombroff's counsel to advise the trustee that he would not sign the stipulation was both discourteous and inappropriate, in the last analysis, the trustee bears too great a share of the responsibility for the failure to obtain the extension to hold that Dombroff is estopped.

### Waiver

█ The trustee contends that Dombroff waived the time bar by failing to raise the issue at trial in the Bankruptcy Court. Dombroff rejoins that he raised the timeliness issue at the hearing on the trustee's motion for an extension of time *nunc pro tunc* and that the Bankruptcy Court granted the trustee's motion over Dombroff's objection. The text of the court's order granting the trustee's motion for an extension of time makes it clear that Dombroff in fact opposed the motion. Dombroff contends that it would have been futile for him to raise the issue again, as the bankruptcy judge had already decided it against him.

█ Waiver is the intentional relinquishment of a known right. *E.g.,* 28 AM.JUR.2D, *Estoppel & Waiver* § 158 (1966). The failure to raise an issue may extinguish the right to raise it later. This prevents a party from pursuing one course at trial while preserving an inconsistent position for appeal in the event that the outcome at trial is unsatisfactory. *See Freytag v. Commissioner of Internal Revenue,* 501 U.S. 868, 894–95, 111 S.Ct. 2631, 2647, 115 L.Ed.2d 764 (1991) (Scalia, J., concurring).

In this case, the timeliness issue was raised and decided on the trustee's motion for an extension. There would have been little point to his pressing the issue at trial. In any case, Dombroff appeared *pro se* at both the hearing on the motion for an extension of time and at trial, raising the question whether his failure to present the issue anew

---

**18.** Although unnecessary to the Court's holding, the several gaps between extensions of time prior to the one at issue here, and the absence of any such gaps afterward, suggest that the gap here at issue might have been due to factors other than or in addition to deceit.

at trial was a knowing and intentional abandonment of his contention that the complaint was untimely. The Court therefore concludes that Dombroff did not waive his right to challenge on appeal the timeliness of the trustee's complaint objecting to discharge.

### Conclusion

In light of the Court's conclusion that Dombroff is not estopped from raising and did not waive the issue of the trustee's untimeliness, the Court holds that the trustee's complaint objecting to Dombroff's discharge was untimely. The decision of the Bankruptcy Court therefore is reversed and the complaint objecting to discharge is dismissed.

SO ORDERED.